Deaderick, J.,
delivered the opinion of the Court.
*42 The complainants filed their attachment bill on tbe 30th of April, 1861, against Smith and Joseph Sidell, his ward, to enforce their mechanic’s lien upon a house and lot in Memphis. They allege that as plasterers they contracted to plaster a house for defendant Smith about the 1st of June, 1859, and finished the work about the 1st of July, 1860, and were paid by Smith $1,280, the whole amount due them being $2,255.90, leaving a balance still due of $975.90.
The only question necessary to be considered is whether the proof shows that the complainants began their suit within one year, as prescribed by the statute, from the time the work was finished.
James Genette testified that from June, 1859, to July, 1860, he was engaged doing carpenter’s work on the house for Smith, “and saw complainants and those employed by them doing the plastering and stuccoing on said building.”
Geo. M. Grant says he was building for Smith from June, 1859, to July, 1860, and saw complainants at the same time plastering, etc.
Henry Nolen says that in the fall of 1859, and spring of 1860, he did the painting on the house, aud during that time saw complainants engaged in plastering the house, etc. Witness quit before the painting was finished, and when he quit the plastering, etc., was all done.”
In 1 Col., 528, 529, the court say the mechanic’s lien is' a peculiar one, and must be taken strictly, and it is incumbent upon complainant to make out a case clearly within the provisions of the statute. The *43 question under consideration was whether the bill was filed within a year from the completion of the work. The statute was again construed at the same term of the court. The question considered, and upon which the case turned, being whether the mechanic’s lien attached upon a lot held for a term of years. It was decided that it did, and that the owner of the term was, within the meaning of the term “owner,” as used in the Code, 1981, and that the title of the owner of a lot for a term of years was subject to sale for the satisfaction of the mechanic’s lien. 1 Col., 540. In considering this question the court say that the object of the act being to protect and secure the laborer in his wages, and to. promote improvements, it should be liberally construed. The cases, although apparently contradictory, are not really so; the one has reference .to the amount or character of the evidence required to establish the right to maintain the suit; the other, to the cases in which the remedy, provided by the statute may be applied.
Testing the case now under consideration by the rule laid down in the case first cited, we are of opinion that complainants have failed to show clearly that their bill was filed within one year from the completion of the work. The testimony of neither Grant nor Genette shows clearly and satisfactorily that complainants were engaged in plastering during the whole time from June, 1859, to July, 1860. They state that they were at work during the period specified, and that they saw complainants at work there also, but do not state when complainants finishéd their work, *44 while Nolen states that he was at work in the house in' the fall of 1859 and spring of I860, and that the complainants had finished plastering, etc., when he quit work. If he quit work in the spring of 1860, and complainants had finished their work before he quit, the inference which might be drawn from Grant’s statement, that the complainants were at work all the time he was, is negatived.
In this state of the proof, and there is no other upon this point, we are constrained to hold that it ,i,s not shown by that clear and satisfactory evidence which is required, that the bill was filed within one year from the time at which the work was finished. For this reason we reverse the decree of the Chancellor and dismiss the bill.